UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WALLACE LEON JOHNSON,

       Petitioner,

v.                               Case No. 2:07-cv-025
                               HON. R. ALLAN EDGAR

LINDA M. METRISH,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Wallace Leon Johnson filed this petition for writ of habeas corpus challenging the validity of his conviction for one count of third-degree criminal sexual conduct, in violation of MCL § 750.520d(1)(b).  Petitioner pleaded guilty on February 28, 2005, and on May 10, 2005, was sentenced to 7-1/2 to 15 years imprisonment.  Petitioner's appeals to the Michigan Court of Appeals and the Michigan Supreme Court were denied.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Frederick Johnson did not take the first plea offer of 5-23 months that he said was offered.

II. I plead [sic] guilty to 24-40 months and not 7-1/2 - 15 years.

III. I feel like I got manipulated, my rights violated.

IV. Why was none of the plea offers written or on record?

Petitioner alleges that his first attorney, Frederick Johnson, told him of an initial plea offer of 5 to 23 months made by the prosecutor.  He states that he initially rejected this offer, but decided to accept it two days later.  At that point, petitioner alleges he was unable to reach his counsel to convey his desire to accept the offer.  Prior to his plea, petitioner alleges that a second offer was made to recommend 24 to 40 months.  Petitioner alleges that he accepted this offer.  These alleged offers were not mentioned during petitioner's sentencing hearing.  Instead, the prosecutor stated that the plea agreement included a recommendation that the sentence imposed be at the middle of petitioner's guideline range.  Petitioner conceded that no other promises were made to induce him to enter into the plea agreement.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

- 3 -

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that the judge sentenced him outside the 24 to 40 month range he perceived was contemplated in the plea agreement. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir.1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowers*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.520d(2) provides for punishment of up to fifteen years of imprisonment for the crime petitioner was charged with. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the
> decision are not generally constitutionally cognizable, [though] relief
> may be required where a petitioner is able to show that the sentence

- 4 -

imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.g.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,' or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id*. at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. In fact, the record contains no mention of the plea agreement having included a recommendation of 24 to 40 months. Instead, the record shows that the agreement included only a recommendation for a middle of the guidelines range sentence. Petitioner responded affirmatively when asked if this was the complete agreement, and then he denied having any other promises made to him concerning the plea. Therefore, the Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner, in supporting his third claim that his "rights were violated," specifically states that if he had known that he would actually end up being sentenced to 7½ to 15 years, he would not have pleaded guilty. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due process standard set forth by the United States Supreme Court in

- 5 -

*Boykin v. Alabama*, 395 U.S. 238 (1969).  Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause.  A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea.  *See Brady v. United States*, 397 U.S. 742, 748 (1970).  In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed.  *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself.  *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings.  *Id.* at 328; *see Parke v. Raley*, 113 S.Ct. 517, 523 (1992).  In the present case, after a thorough interrogation of petitioner, the state judge found that petitioner's plea of guilty was entered into knowingly and voluntarily.  Petitioner has not met the "heavy burden" necessary to overturn this finding.  Therefore, the Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner also claims that his first attorney did not accept an initial plea offer of 5 to 23 months. Petitioner states that, when the offer was first communicated to him by counsel, he rejected it. However, petitioner states that he later attempted to communicate with his attorney to accept the offer, and was unsuccessful in these efforts. It is unclear what constitutional violation petitioner is alleging with this claim. Regardless, petitioner may not raise claims that were resolved prior to a valid guilty plea. *Tollett v. Henderson*, 411 U.S. 258 (1973). As explained by the United States Supreme Court:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of effective assistance of counsel].

*Id*. at 266-67. As discussed above, petitioner cannot show that his plea was involuntary. In addition, petitioner admits that he was already aware that the alleged initial plea offer had been rescinded when he decided to plead guilty. Therefore, any constitutional claim that petitioner is attempting to make by alleging that counsel failed to accept an initial plea offer does not concern any alleged involuntariness of petitioner's plea based on ineffective assistance of counsel. Petitioner's guilty plea therefore prevents him from raising claims of error that occurred prior to his plea.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by petitioner in this application for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong.  With regard to his claim concerning his sentence, petitioner has failed to show that the sentence imposed exceeded the statutory limit or that it amounted to an arbitrary and capricious abuse of discretion.  With regard to his claim that he would not have pled had he known the sentence that was to be imposed, petitioner has failed to show that his plea was not voluntary and intelligent.  With regard to his claim concerning the failure of his first attorney to accept an initial plea offer, petitioner's guilty plea bars him from raising a claim of constitutional error.  Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


                                                    /s/ Timothy P. Greeley
                                                   TIMOTHY P. GREELEY
                                                   UNITED STATES MAGISTRATE JUDGE

Dated:  June 3, 2009

- 9 -